UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMIE ROSASCHI,<br><br>  Petitioner,<br>v.<br><br>HAROLD WICKHAM, *et al.*,<br><br>  Respondents. | Case No. 3:16-cv-00443-MMD-WGC<br><br>ORDER |

Before the Court are petitioner's motion to stay proceedings pending decisions in related cases (ECF No. 16), respondents' opposition (ECF No. 19), and petitioner's reply (ECF No. 20). Although one of petitioner's arguments for a stay has become moot, his other argument is a good reason to stay this action. The Court grants the motion.

Petitioner's first argument for a stay has become moot. He currently has pending in this Court two habeas corpus actions under 28 U.S.C. § 2254: this action and *Rosaschi v. Wickham,* Case No. 3:16-cv-00442-MMD-VPC. The Court appointed counsel to represent petitioner in this action. Counsel then asked to be appointed in the other action. Petitioner wanted the Court to stay this action until the Court ruled upon the request in the other action. On June 6, 2017, the Court appointed counsel to represent petitioner in the other action. The request to appoint counsel no longer is a reason to stay this action.

Petitioner's second argument is a good reason to stay this action. He currently is disputing in the state courts how the Nevada Department of Corrections has structured his sentences. The Court anticipates that if petitioner does not receive relief in the state courts, then he might want to present the sentence-structure claim to this Court. In the interest of avoiding piecemeal litigation, the Court will stay the action.

Petitioner also has filed a motion to partially waive Local Rule IA 10-3(e) (ECF No. 18), which the Court grants.

It is therefore ordered that petitioner's motion to partially waive Local Rule IA 10-3(e) (ECF No. 18) is granted.

It is further ordered that petitioner's motion to stay proceedings pending decisions in related cases (ECF No. 16) is granted. This action is stayed pending conclusion of petitioner's post-conviction proceedings in the state courts. Petitioner must return to this Court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Nevada Supreme Court at the conclusion of the state court proceedings. Further, petitioner or respondents otherwise may move to reopen the action and seek any relief appropriate under the circumstances.

It is further ordered that the Clerk of Court will administratively close this action until such time as the Court grants a motion to reopen the action.

DATED THIS 14th day of July 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE